UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMAR OSORIO BATALLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC HOLDER, Attorney General of the United States, <br><br> Respondent. | Case No. C13-185-RSL-BAT <br><br> **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

On January 30, 2013, petitioner Omar Osorio Batalla, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. No. 3. Petitioner asserts that his custody by the United States Immigration and Customs Enforcement ("ICE") is unlawful and requests that the Court order respondent to remove the immigration detainer placed on him at the King County Jail.

## II. BACKGROUND

On April 17, 2012[1], petitioner was arrested and taken into ICE custody. Dkt. No. 8 at 1. On May 10, 2012, an Immigration Judge granted petitioner release on bond in the amount of $9000. Id. at 2. Petitioner posted bond and was released from ICE custody on May 17, 2012. Dkt. No. 3 at 4-9. Following his release, petitioner was arrested and detained at the King County

REPORT AND RECOMMENDATION- 1

Jail for charges pre-dating his May 10, 2012, bond hearing.  Dkt. No. 8 at 2.  On February 1, 2013, petitioner and was taken back into ICE custody upon his release from the King County Jail and was released from ICE custody on the same day based on the prior $9000 bond.  *Id*.

On March 8, 2013, respondent filed a motion to dismiss the petition for mootness.  Dkt. No. 7.  Respondent represented that petitioner currently remains free on bond.  Dkt. No. 8 at 2.

### III.  DISCUSSION

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The "in custody" requirement is satisfied at the time the petition is filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings."  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001).  At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution."  *Spencer*, 523 U.S. at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed.  *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody.").  The habeas petition, therefore, has become moot and should be dismissed.  *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346

REPORT AND RECOMMENDATION- 2

(9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

## IV.  CONCLUSION

Therefore, it is recommended that respondent's motion to dismiss be GRANTED, and this matter be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **March 26, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **March 29, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed ten (10) pages.  The failure to timely object may affect the right to appeal.

DATED this 12th day of March, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3